347 So.2d 653 (1977)
Julius SCHURKMAN d/b/a S & S Associates, Appellant,
v.
Alan D. STOLAR and Leonard U. Stolar, Individually and As Partners in the Firm of Stolar & Stolar, Appellees.
No. 76-1048.
District Court of Appeal of Florida, Third District.
May 24, 1977.
Rehearing Denied July 20, 1977.
*654 Albert J. Zemlock, Miami, for appellant.
Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, Harold Heller, Miami, for appellees.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Julius Schurkman appeals an adverse final summary judgment for the defendants, Alan and Leonard Stolar, individually and as partners in the law firm of Stolar & Stolar, in this action charging them with malpractice and fraud.
Plaintiff-appellant, Julius Schurkman d/b/a S & S Associates, engaged five investors to loan Caribbean Properties, Inc. $65,000 in consideration for Caribbean executing a note in this amount with interest at 15% per annum and pledging as security a mortgage deed encumbering its leasehold interest in an office building. This note and mortgage was prepared by defendants who represented that the mortgage was only subject to a first mortgage held by Biscayne Federal Savings and Loan Association. Subsequently, Caribbean defaulted on the payments and Schurkman instituted foreclosure proceedings. After prolonged litigation it was determined that there was a prior recorded "option to mortgage" superior to Schurkman's mortgage. See Feemster v. Schurkman, 291 So.2d 622 (Fla.3d DCA 1974). On January 30, 1975 Schurkman in his individual capacity filed a complaint alleging malpractice and fraud on the part of Stolar & Stolar for deliberately and willfully withholding the fact that the prior recorded "option to mortgage" was superior to the Caribbean mortgage. After pretrial discovery, defendants moved for summary judgment and on April 6 the trial court entered an order granting summary judgment for the following reasons:
"1. The Defendants have demonstrated that the plaintiff, Julius Schurkman, had no standing to maintain this action.
"2. The Defendants have demonstrated that there are no genuine issues of material fact on the issue of whether the plaintiff, JULIUS SCHURKMAN, sustained any damages as a *655 proximate result of the alleged negligence of the Defendants, ALAN G. STOLAR and LEONARD U. STOLAR, individually and as partners in the firm of STOLAR & STOLAR; and
"3. That the Defendants, ALAN G. STOLAR & LEONARD U. STOLAR, individually and as partners in the firm of STOLAR & STOLAR, have demonstrated upon the facts and evidence, under the issues framed by the pleadings, that they are entitled to judgment as a matter of law."
Summary judgment was entered and Schurkman filed a petition for rehearing seeking among other things leave to amend the complaint to reflect that he is bringing the action individually and in his capacity as trustee for the five investors. On May 11, 1976 the judge denied the motion for rehearing and to amend the complaint. We affirm in all respects save one, the denial of the motion for leave to amend the complaint.
Where summary judgment should be entered, yet the matters presented indicate that the unsuccessful party may have a cause of action or defense not pled, or a better one than that pled, the proper procedure is to enter the summary judgment with leave to amend. Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1963). The uncontroverted evidence reflects that Schurkman was acting as agent on behalf of the five investors at all times and while he has no standing to sue on his own behalf, he does have standing to bring an action arising out of the $65,000 loan on behalf of the investors.
We reverse that portion of the order of May 11, 1976 denying plaintiff's motion to amend complaint, and remand the cause to the trial court to grant plaintiff leave to amend the complaint to reflect that he is instituting this action as trustee on behalf of the five investors who contributed the funds for the $65,000 loan to Caribbean.
Affirmed in part, reversed in part and remanded.