PER CURIAM.
This is a non-final appeal, taken pursuant to Rule 9.130(a)(3)(C)(i), Fla.R.App.P., which questions the propriety of a trial court order determining jurisdiction over several parties-plaintiff.[1] We reverse.
To facilitate collection of monies due on a promissory note, several beneficiaries of the estate of Henry Van Baay named the appellant, Rauch, Weaver, Millsaps, Bige-low & Company (Rauch), as their agent. The beneficiaries gave Rauch title to the promissory note on which Whatever, Inc., was the promisor and Roman Moreth was the guarantor. The note was secured by a mortgage on property owned by appellee, Central Bank and Trust Company of Miami. The beneficiaries also empowered Rauch to institute legal action, if necessary, to collect upon the note and collateral. Accordingly, Rauch, in its representative capacity, filed suit to collect upon the promissory note and foreclose the mortgage. As discovery progressed, the trial court granted Central Bank’s motion to compel discovery and therein stated that each of the beneficiaries was a party-plaintiff. Rauch appeals this aspect of the ruling.
As a preliminary matter, we must determine whether Rauch has standing to appeal. In National Lake Developments, Inc. v. Lake Tippecanoe Owners Association, 417 So.2d 655, 657 (Fla.1982), the court stated that “[t]he right to challenge jurisdiction has always been reserved to the person over whom the court is asserting jurisdiction.” A literal application of this principle would suggest that only the beneficiaries, in their individual capacities, have standing to contest the trial court’s ruling. However, by naming Rauch as their agent with the power to litigate, the beneficiaries created an identity of interest with Rauch. Rauch, therefore, is not an uninvolved bystander. To the contrary, Rauch has a real stake in the outcome of this appeal so as to assure concrete adverseness which is necessary to sharpen the presentation of issues. See Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Accordingly, we conclude that Rauch has standing to pursue this appeal.
Turning to the merits, it is clear that Rauch instituted this suit in its representative capacity as the beneficiaries’ agent. Moreover, it cannot be questioned that Rauch was entitled to commence this action in its representative capacity. See Durrant v. Dayton, 396 So.2d 1225 (Fla. 4th DCA 1981); Schurkman v. Stolar, 347 So.2d 653 (Fla. 3d DCA 1977); see also Kramer v. Smith, 99 Fla. 147, 128 So. 477 (1930); 3 Am.Jur.2d Agency § 92 (1962). *461 Since neither Florida law nor the rules of civil procedure provide for the creation of an “ ‘involuntary plaintiff[J ” see Paul v. Blake, 376 So.2d 256, 260 (Fla. 3d DCA 1979), the trial court’s action was erroneous. Thus, we hold that the trial court committed reversible error by declaring each of the beneficiaries a party-plaintiff and, accordingly, we reverse.
ANSTEAD, C.J., BERANEK and HURLEY, JJ., concur.

. Fla.R.Civ.P. 1.250 enables a trial judge to add parties "on its own initiative ... on such terms as are just.” However, neither party suggests the court’s order was entered pursuant to this rule; nor is it clear that the rule applies in this instance.