556 So.2d 811 (1990)
STATE FARM FIRE AND CASUALTY COMPANY, Appellant,
v.
Alan RAY, Appellee.
No. 89-210.
District Court of Appeal of Florida, Fifth District.
February 15, 1990.
*812 W.R. Armstrong, Daytona Beach, for appellant.
W.M. Chanfrau, Daytona Beach, for appellee.
William G. Crotty of Black, Crotty, Sims, Hubka, Burnett & Samuels, Daytona Beach, amicus curiae.
LEE, R.E., Jr., Associate Judge.
State Farm Fire and Casualty Company (State Farm), appeals from a final judgment awarding appellee, Alan Ray, $6,144.14.
Ray, injured in an auto accident on December 21, 1987, incurred medical expenses in excess of $13,000 and lost wages exceeding $12,375. At the time of the accident, he was covered by an insurance policy with State Farm containing both personal injury protection (PIP) and medical payments coverage. The policy provided benefits to the extent of 80% of Ray's medical bills up to $10,000 and 60% of lost wages up to $5,000.
On February 8, 1988, Ray's counsel wrote State Farm, instructing it to pay no more than 20% of the PIP benefits for medical expenses. This letter was received by State Farm on February 10, 1988. On February 17, 1988, State Farm received a letter from Halifax Medical Center, dated February 11th, informing State Farm that Ray had executed an irrevocable assignment of benefits sometime prior to February 10th, in favor of the hospital. On that same day, February 17, 1988, State Farm also received medical bills from the hospital totalling $9,126.95. State Farm made payments to the hospital under the policy for $6,997.94. Ray presented a claim for lost wages and was paid $3,476.36, thus exhausting the remainder of his coverage.
Ray then brought suit seeking the unpaid balance of his lost wages, a sum of $4,525.64, plus costs and attorney's fees, claiming State Farm received his instructions directing the apportionment of the proceeds before learning of the hospital assignment and should have honored the former first. Following a non-jury trial, the court awarded Ray the sum of $6,144.14, representing the lost wages claimed plus attorney's fees of $1,500, as well as costs of $118.50. Denying State Farm's motion for rehearing, the trial court stated:
ORDERED AND ADJUDGED that the defendant's receipt of the plaintiff's instructions to allocate insurance benefits prior to its receipt of the irrevocable assignment of benefits to the hospital is determinative of the appropriate payment of the PIP benefits, and the Defendant was obligated to pay such benefits in accordance with the Plaintiff's instructions to allocate.
The trial court thus treated Ray's instructions to allocate the benefits as an assignment, agreeing with Ray that the English Rule establishing the priority of assignments accorded to successive assignees governs. The English Rule, as set forth in Boulevard National Bank of Miami v. Air Metal Industries, Inc., 176 So.2d 94 (Fla. 1965), gives priority to the assignee first giving notice to the creditor. While we do not disagree with the English Rule, we disagree with its applicability here.
An assignment is defined as "a transfer or setting over of property or of some right or interest therein, from one person to another. It is the act by which one person transfers to another, or causes to vest in another, his right of property or interest therein." 4 Fla.Jur.2d, Assignments § 1 (1978). Clearly, Ray's letter to State Farm instructing it not to pay more than 20% of the policy's PIP benefits for medical expenses *813 failed to create an assignment, if such was Ray's intent, for the simple reason that Ray did not transfer his interest in the policy to another party. To the contrary, he merely reapportioned his own benefits.
In contrast, the arrangement between Ray and the hospital possesses all the classic features of an assignment. Not only is the document entitled "Irrevocable Assignment of Benefits," it sets forth the transfer of any proceeds accruing to Ray from State Farm under the policy stemming from Ray's accident and subsequent hospitalization. Furthermore, State Farm and Ray stipulated prior to trial that the agreement between the hospital and Ray should constitute an "irrevocable assignment" of benefits.
An assignee may enforce payments or the performance of an obligation due under an assigned contract. Boulevard National Bank, supra. Because an unqualified assignment transfers to the assignee all the interest of the assignor under the assigned contract, the assignor has no right to make any claim on the contract once the assignment is complete, unless authorized to do so by the assignee. 4 Fla.Jur.2d, Assignments § 23 (1978); see also Howard v. Pensacola & A.R. Company, 24 Fla. 560, 5 So. 356 (1886). Thus, since Ray's letter apportioning the benefits under the policy cannot be construed as an assignment, State Farm was correct in honoring the hospital's claim first, since Ray effectively assigned his interest in the policy to the hospital.
The case of In re Hazelwood, 43 B.R. 208 (Bkrpcy. 1984) is instructive to the case under consideration. Following admission to a hospital, Hazelwood made an assignment of benefits under an insurance policy, agreeing to authorize payment directly to the hospital. Upon discharge, Hazelwood wrote his insurance carrier, revoking the agreement and requesting that any payments due under the policy be sent to himself. The insurance company complied, but Hazelwood's revocation was deemed illegal by the bankruptcy court because the assignment to the hospital was irrevocable since given in exchange for medical care. Similarly, in this case, there is no indication that Ray's assignment to the hospital was meant to be revocable since it too was given in exchange for medical care and treatment. Under these circumstances, we can only find that the priority of assignment under the English Rule does not apply, since there is only one assignment involved, Ray's assignment to the hospital.
Ray also seeks an award of attorney's fees under Florida Rule of Appellate Procedure 9.400(b). The committee notes to that rule provide that a motion for fees "must contain a statement of the legal basis for recovery." As Ray's motion fails to contain such a statement providing a legal reason for recovery, the motion must fail, and is denied.
REVERSED and REMANDED.
COBB and W. SHARP, JJ., concur.