UNGARO, U., Associate Judge.
Taking the facts in the light most favorable to the Plaintiff, Maria de Restrepo, a resident of Ecuador, entered into a real estate contract with Defendant for the purchase of Unit 52 in Phase 4 of Fantasy World Club Villas. De Restrepo then assigned the contract to Anna Andrade who was also a resident of Ecuador. Thereafter, Andrade gave Plaintiff a Power of Attorney designating Plaintiff her attorney-in-fact “to do and perform all and every act ... concerning that certain contract for sale and purchase of Unit 52, Phase IV ... including the recovery of the deposit....”
Plaintiff sued Defendant in her alleged capacity as Andrade’s “successor in interest.” In Count I, Plaintiff alleged that the underlying real estate transaction was voidable because the Defendant had failed to comply with Chapter 498, Florida Statutes; and in Count II Plaintiff alleged that the Defendant had breached the contract. After a bench trial, the trial judge entered Final Judgment in favor of the Defendant on both counts of the Complaint.
We affirm. In this case the trial court was correct because the Plaintiff lacked standing to maintain the action on her own behalf. See, e.g., De Toro v. Dervan Investments Limited Corp., 483 So.2d 717 (Fla. 4th DCA 1985); Rauch, Weaver, Millsaps, Bigelow & Company v. Central Bank and Trust Company, 453 So.2d 459 (Fla. 4th DCA 1984); Schurkman v. Stolar, 347 So.2d 653 (Fla. 3d DCA 1977). The evidence established that she was not Andrade’s “successor in interest” as she had alleged, but merely Andrade’s agent by virtue of the Power of Attorney.[1] Andrade may well be aggrieved; however, only Andrade, or the Plaintiff in her representative capacity, may maintain the action.
AFFIRMED.
HARRIS and GRIFFIN, JJ., concur.

. A Power of Attorney is a written authorization to an agent to perform some act on behalf of the principal. 3 Am.Jur.2d Agency § 23.