677 So.2d 1355 (1996)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
Steven V. GONNELLA, Sr. and Vicki Gonnella, etc., Respondents.
No. 96-683.
District Court of Appeal of Florida, Fifth District.
August 9, 1996.
Dale T. Gobel of Drage, de Beaubien, Knight & Simmons, Romano & Neal, Orlando, for Petitioner.
Hallie L. Zobel of Crews & Bodiford, P.A., Orlando, for Respondents.
ANTOON, Judge.
This case focuses on the requirement of section 627.736(5), Florida Statutes (1995)[1], that once a medical provider receives an assignment of benefits from an insured, disputed medical claims between the provider and the insurance company must be resolved by binding arbitration. We specifically address *1356 the question of whether the insured may avoid arbitration by revoking the assignment after a demand for arbitration has been made. We answer the question in the negative.
The Gonnellas were injured in an automobile accident. At the time of the injuries, they were insured by State Farm and were entitled to personal injury protection benefits. Dr. Josephine Tan treated the Gonnellas for their injuries, and on May 25, 1993, they executed assignments of benefits in favor of Dr. Tan, allowing her to receive direct payment from State Farm. Pursuant to the assignment, State Farm made some payments to Dr. Tan, but eventually a dispute arose between State Farm and Dr. Tan regarding a claim for payment. The Gonnellas filed suit in county court alleging that State Farm had failed to pay personal injury protection benefits. State Farm then filed a motion to dismiss based on section 627.736(5) and a corresponding provision in the insurance policy. The county court granted the motion and dismissed the lawsuit.
After the dismissal and two years after the assignment of benefits, State Farm filed a demand for arbitration. Arbitration commenced, but before its conclusion the Gonnellas executed a revocation of their assignment of benefits to Dr. Tan.
Thereafter, the Gonnellas filed a second suit in county court seeking the amounts allegedly due Dr. Tan. The county court dismissed the second complaint, concluding that the Gonnellas' revocation of their assignment of benefits did not negate the contractual and statutory requirement that the dispute be resolved by arbitration. The Gonnellas appealed and the circuit court, acting in its appellate capacity, disagreed and determined that the revocation placed the Gonnellas in the same position that they had occupied prior to its execution, clearing the way for them to pursue in county court the amount allegedly owed Dr. Tan. The circuit court ruled that even though Dr. Tan had accepted benefits under the assignment, and a demand for arbitration had been made, the revocation obviated the requirement for binding arbitration under both section 627.736(5) and the insurance policy.
State Farm's petition for writ of certiorari claims that the circuit court's opinion constitutes a departure from the essential requirements of law. In support of this argument, State Farm asserts that no dispute exists between itself and the Gonnellas regarding entitlement to any personal injury protection benefits. Rather, the sole issue is the disputed claim for payment between itself and Dr. Tan. The Gonnellas, on the other hand, argue that because the assignment to Dr. Tan included an unambiguous provision that it could be revoked, the revocation terminated Dr. Tan's right to receive their personal injury protection benefits. They also contend that they regained their right to sue for those benefits upon execution of the revocation, and that section 627.736(5) and the policy provision requiring arbitration no longer apply. We reject the Gonnellas' argument.
The legislative intent is clear. Section 627.736(5) requires arbitration to resolve disputes involving medical benefits. Moreover, section 682.02, Florida Statutes (1995), provides that a written agreement to submit a controversy to arbitration is "valid, enforceable, and irrevocable". In addition to these statutory directives, by accepting the terms of their policy, the Gonnellas specifically agreed that, once they assigned their personal injury protection benefits to a medical provider, disputes between that provider and State Farm would be resolved by binding arbitration. The Gonnellas' interpretation would render the statutory and policy provisions requiring arbitration meaningless.[2]
We are not required to address the question of whether the revocation of an assignment of personal injury protection benefits prior to a claims dispute between the provider and the insurer would void the requirement of binding arbitration of such disputes because here, not only was the assignment *1357 executed, but a claims dispute had arisen, a demand for arbitration had been made, and arbitration had commenced. We hold that, the right and obligation to arbitrate vested, at the latest, upon State Farm's demand for arbitration. The Gonnellas' later revocation of the assignment was meaningless. A contrary interpretation would frustrate the purpose of arbitration, and delay resolution of disputes as occurred in the instant case.[3]
We grant the petition, quash the final order of the circuit court, and issue the writ.
PETITION GRANTED; ORDER QUASHED, and WRIT ENTERED.
PETERSON, C.J., and HARRIS, J., concur.
NOTES
[1] Section 627.736(5) provides in pertinent part:

627.736 Required personal injury protection benefits; exclusions; priority.-
* * * * * *
(5) CHARGES FOR TREATMENT OF INSURED PERSONS.-
* * * * * *
Every insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits. The provision shall specify that the provisions of chapter 682 relating to arbitration shall apply.
[2] Under Florida law, arbitration is the favored means of dispute resolution. Roe v. Amica Mutual Ins. Co. 533 So.2d 279 (Fla.1988). See also Ronbeck Construction Co. Inc. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992) (arbitration is a favored means of dispute resolution and all doubts regarding the scope of an arbitration agreement and the existence of a waiver of arbitration should be resolved in favor of arbitration).
[3] We note that the circuit court had no statutory or case law to support its decision. Although the Gonnellas cited to Advanced Orthopedic Institute v. Bankers Insurance, 3 Fla. L. Weekly Supp. 673 (13th Circuit June 30, 1995). The decision is not dispositive. Advanced Orthopedic is factually distinguishable because it was the medical provider, not the insured, who challenged the arbitration requirement of section 627.736(5). In this regard, Advanced Orthopedic successfully argued to the circuit court that it could not be forced to arbitrate since it was not a party to insurance policy.