727 So.2d 391 (1999)
Eugene RITTMAN, Jr., Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 98-2604.
District Court of Appeal of Florida, First District.
March 10, 1999.
*392 Charles W. Dodson of Charles W. Dodson, P.A., Tallahassee, for Appellant.
Charles A. Stampelos, Harold R. Mardenborough, Jr. and Rogelio J. Fontela of McFarlain, Wiley, Cassedy & Jones, P.A., Tallahassee, for Appellee.
PER CURIAM.
Appellant, Eugene Rittman, Jr., seeks review of the trial court's non-final order staying action of appellant's claim against Allstate Insurance Company pending arbitration.[1] We reverse and remand for further proceedings.
Appellant sued Allstate Insurance Company (Allstate) to recover damages for injuries resulting from an automobile accident involving a motor vehicle insured by Allstate. The pertinent allegations of appellant's complaint against Allstate provide:
4. As a result of the accident, the Plaintiff suffered bodily injury, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and he will suffer the losses in the future.
5. At the time of the accident the Plaintiff did not own a motor vehicle nor was he otherwise entitled to motor vehicle insurance coverage with any insurance company other than the Defendant. As a result of the accident he has obtained medical treatment and is in need of further medical treatment.
6. At the request of the Defendant, the Plaintiff was examined by Dr. G. Pierce Jones on March 4, 1998. Dr. Jones concluded that no further medical treatment is reasonable, related or necessary. Accordingly, the Defendant has informed the Plaintiff it will pay no further medical benefits as a result of this accident.
7. The Plaintiff asserts that further treatment is reasonable, related or necessary. The Plaintiffs primary treating physician has informed him that further medical treatment is reasonable, related or necessary.
8. Additionally, the Plaintiff has incurred medical bills for his treatment which he has submitted to the Defendant for payment. The Defendant has refused to pay some of the bills, stating the service for which the bill was rendered was not medically necessary. The Defendant has paid only a portion of other bills, claiming the charge exceeded a reasonable amount for the service. The Plaintiffs *393 treating physicians assure the Plaintiff their services are reasonable or medically necessary, and that their charges are reasonable. The Plaintiff is entitled to full payment of all those charges.
Allstate filed a motion to dismiss the complaint for failure to state a cause of action, alleging as grounds therefor that appellant assigned his personal injury protection benefits to his medical care providers who agreed to accept the assignment. Allstate further alleged that due to the assignment of personal injury protection benefits, "the exclusive remedy of the medical care providers is binding arbitration pursuant to the provisions of Chapter 682 of the Florida Statutes (Florida Arbitration Code)." Allstate alleged the complaint should be dismissed, "because Plaintiff has no standing to bring this lawsuit, given that he has assigned any cause of action he might have against this Defendant to his medical care provider, and the exclusive remedy of the medical care provider is binding arbitration." Contemporaneously with the motion to dismiss, Allstate filed a demand for arbitration, pursuant to section 627.736(5), Florida Statutes.
In the order ruling on Allstate's motion to dismiss and demand for arbitration, the trial court observed: "Although dismissal would be appropriate under the circumstances, a more reasonable and efficient alternative is to stay the action pending arbitration." In accordance with this conclusion, the trial court ordered the action stayed pending arbitration, scheduled a status conference, and requested the parties to notify the court if the matter were resolved before the date of the scheduled status conference.
Our review of the non-final order here at issue is circumscribed by the rather unusual procedural posture of the proceedings in the lower tribunal. Allstate did not answer the complaint, or allege entitlement to arbitration as an affirmative defense. At oral argument of this cause, counsel indicated that no record was made of the proceeding before the trial court. In an appendix to the initial brief, appellant's counsel has provided copies of the complaint, Allstate's motion to dismiss, Allstate's demand for arbitration, and the trial court's order staying the action pending arbitration. In a supplemental appendix, Allstate's counsel has provided a copy of the notice of hearing on its motion to dismiss and demand for arbitration.[2] Since the parties have not stipulated or agreed to the existence of an assignment, we must resolve the issue on the basis of the complaint and the appealed order.
The sufficiency of a complaint in a civil action is a question of law. See McKinney-Green, Inc. v. Davis, 606 So.2d 393 (Fla. 1st DCA 1992). See also Cintron v. Osmose Wood Preserving, Inc. 681 So.2d 859, 860-861 (Fla. 5th DCA 1996)(The trial court must determine a motion to dismiss a complaint solely upon questions of law; in performing this duty, the court "must confine itself to the four corners of the complaint and accept all allegations in the complaint as true.") The standard of review of a trial court ruling on a pure issue of law is de novo, i.e., an appellate court need not defer to the trial court on matters of law. See Walter v. Walter, 464 So.2d 538 (Fla.1985); Steuart Petroleum Co. v. Certain Underwriters at Lloyd's London, 696 So.2d 376 (Fla. 1st DCA), review dismissed, 701 So.2d 867 (Fla.1997). See also Philip J. Padovano, Florida Appellate Practice § 9.4, at 147 (2d ed.1997). The same standard is applicable for appellate review of a ruling on a motion to dismiss, i.e., the appellate court will accept the allegations of the complaint as true. See McKinney-Green, 606 So.2d at 394.
In this case, appellant asserts the trial court was limited to review of the four corners of the complaint, and improperly considered the allegations of the motion to dismiss. Because the complaint itself makes no reference to an assignment, appellant reasons the trial court could not determine that a dispute was subject to arbitration pursuant to section *394 627.736(5), without reference to the motion to dismiss. Allstate urges we may consider the motion to dismiss in our resolution of the issue. While recognizing the allegations of the complaint suggest there may be non-arbitrable disputed issues, Allstate contends the absence of a record requires an affirmance of the trial court's ruling. We do not agree.
"The rule of Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979), applies only where the trial court's decision turns on its resolution of contested facts." See Ronbeck Construction Co. v. Savanna Club Corp., 592 So.2d 344, 348 (Fla. 4th DCA 1992). The question in this case concerns the propriety of the order staying judicial proceedings pending arbitration, a pure issue of law. Therefore, the absence of a transcript of proceedings in the lower tribunal does not require affirmance of the trial court's ruling on the motion to dismiss. See Doan v. Amelia Retreat Condominium Ass'n, Inc., 604 So.2d 1292, 1293 (Fla. 1st DCA 1992).
The statute applicable, section 627.736(5), Florida Statutes, provides in pertinent part:
(5) ... Every insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits. The provision shall specify that the provisions of chapter 682 relating to arbitration shall apply. The prevailing party shall be entitled to attorney's fees and costs. (Emphasis supplied).
Florida courts have determined that arbitration is mandatory under section 627.736(5), "even in the event that the insurance policy between the insured and the insurance company does not include an arbitration provision with regard to the medical provider." See Omni Insurance Co. v. Special Care Clinic, Inc., 708 So.2d 314, 315 (Fla. 2d DCA 1998), quoting Orion Insurance Co. v. Magnetic Imaging Systems I, 696 So.2d 475, 477 (Fla. 3d DCA 1997), and citing Southeast Diagnostic Services v. State Farm Mutual Automobile Insurance Co., 697 So.2d 988 (Fla. 4th DCA 1997). In U.S. Security Insurance Co. v. Magnetic Imaging Systems, I, Ltd., 678 So.2d 872, 873, fn. 2 (Fla. 3d DCA 1996), the court stated expressly "that this arbitration provision [§ 627.736(5)] should be read into the policy so that it complies with applicable Florida Law."
In a related vein, "[m]edical service providers... have been recognized as third party beneficiaries of insurance contracts." See Orion, 696 So.2d at 478. "As third party beneficiaries, these additional plaintiffs are bound by the arbitration provision." See Terminix International Co., LP v. Ponzio, 693 So.2d 104, 109 (Fla. 5th DCA 1997). In Orion, the court held the medical services provider was required to submit to arbitration both in accordance with the controlling statute, and the terms of the insurance policy and its status as a third party beneficiary of the policy. See Orion, 696 So.2d at 478.
Once made, an assignment of the insured's interest in personal injury protection benefits to a medical services provider is irrevocable. See § 682.02, Fla.Stat. (1995); State Farm Mutual Automobile Insurance Company v. Gonnella, 677 So.2d 1355, 1356-1357 (Fla. 5th DCA 1996); State Farm Fire & Casualty Co. v. Ray, 556 So.2d 811, 813 (Fla. 5th DCA 1990)("Because an unqualified assignment transfers to the assignee all the interest of the assignor under the assigned contract, the assignor has no right to make any claim on the contract once the assignment is complete, unless authorized to do so by the assignee.").
In view of the language of the appealed order in this case, we assume there was some evidence of a binding assignment before the trial court.[3] A stay of judicial proceedings is required when the action involves an issue subject to arbitration, an application for arbitration has been made, and the trial court determines the arbitration decision may have an effect on the litigation. See *395 § 682.03(3), Fla.Stat. (1995); Okeelanta Corp. v. United States Sugar Corp., 712 So.2d 814, 815 (Fla. 2d DCA 1998).
Although the statute allows a stay of judicial proceedings in some instances, the order staying the action in this case is internally inconsistent. Despite the trial court's conclusion that dismissal would be appropriate, the court stayed the action pending arbitration, presumably with non-parties to the lawsuit. The allegations of the complaint and the court's stay rather than dismissal of the complaint suggest the existence of issues that will not be resolved by arbitration. If, indeed, that is the case, the arbitrable issue should be severed and the stay made applicable only to the issue subject to arbitration.[4]
Accordingly, the appealed order staying the action pending arbitration is reversed and remanded for further proceedings.
ERVIN and JOANOS, JJ., CONCUR.
BARFIELD, C.J., CONCURS WITH OPINION.
BARFIELD, C.J., Concurring:
I concur in the result reached in this case by the majority; however, I find portions of the opinion with which I cannot agree. The demand for arbitration in this case was a statutory claim which relates only to a controversy between medical providers and the insurer. There is no provision for arbitration between the insurer and the insured under this demand. Accordingly, the demand for arbitration in this case is wholly irrelevant to the disposition of the motion to dismiss. It is entirely immaterial to the resolution of the claim made by the appellant.
The appellee's motion to dismiss makes an affirmative assertion that the appellant assigned his personal injury protection benefits to his medical care providers. If that assertion of fact is true (there is no record to support the presence or absence of evidence on this issue), the trial court should have dismissed the complaint. If no evidence was adduced at the hearing on the question of assignment of benefits, the trial court should not have dismissed the complaint. Failure to do either leaves this cause of action in limbo without a proper ruling on the motion to dismiss.
For these reasons, I agree it is appropriate that we reverse and remand the matter to the trial court for further proceedings.
NOTES
[1] We have jurisdiction to review this non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v).
[2] It is perhaps noteworthy that there are no attachments to the documents furnished by respective counsel. In other words, in our review of the contested non-final order, we have not had the opportunity to examine either the insurance contract upon which appellant based his claim for personal injury protection benefits, or the alleged assignment upon which Allstate based its claim of entitlement to arbitration.
[3] It is the assignment of the insured's interest in personal injury protection benefits to medical services providers which authorizes the insurer's demand for arbitration under section 627.736(5).
[4] Section 682.03(3), Fla.Stat., provides:

(3) Any action or proceeding involving an issue subject to arbitration under this law shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.