776 So.2d 360 (2001)
SUPERIOR INSURANCE COMPANY, Appellant,
v.
David A. LIBERT, M.D., etc., Appellee.
No. 5D99-3561.
District Court of Appeal of Florida, Fifth District.
February 2, 2001.
*362 Sylvia A. Grunor and Michael R. D'Lugo of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Orlando, for Appellant.
Stephan W. Carter, Winter Park, for Appellee.
PETERSON, J.
Superior Insurance Co. (Superior) appeals an award of attorney's fees and costs to David A. Libert d/b/a First Choice Medical Center, on behalf of Kristina Chew (Libert). Additionally, the trial court certified the following question to be of great public importance:
WHETHER A PROVIDER OF MEDICAL SERVICES WHO HAS ACCEPTED AN ASSIGNMENT OF BENEFITS FROM AN INSURED IS ENTITLED TO ATTORNEY'S FEES AND COSTS UNDER FLORIDA STATUTE 627.736 AND 627.428(1) IN AN ACTION AGAINST THE INSURER, WHEN THE INSURER HAS MADE PAYMENT SUBSEQUENT TO THE FILING OF THE LAWSUIT, IN LIGHT OF THE DECISION IN DELTA CASUALTY CO. VS. PINNACLE MEDICAL, INC., WHEREIN THE ARBITRATION PROVISION OF 627.736(5) WAS HELD UNCONSTITUTIONAL?
Kristina Chew (Chew) was injured in an automobile accident on October 28, 1997 in a car driven by Eric Horner, and owned by Eric's mother, Joann Horner. She sought medical treatment from Libert. Superior insured Ms. Horner and was notified about the accident and the injuries on November 3, 1997. Superior mailed a letter to Chew within seven days after receiving notice and requested that Chew complete a Florida Application for No Fault Benefits for PIP coverage under Ms. Horner's policy. In this letter, Superior also asked Chew to supply other documents to her attending physician and her employer. The letter was mailed to Chew and was subsequently returned as unclaimed according to one of Superior's claims processors.
On December 18, 1997, Chew completed a Superior claims form, but Superior alleges she did not properly answer questions that were a condition precedent to establishing coverage. On December 22, 1997, Libert sent health insurance claims form to Superior requesting payment for services rendered. Both of these claims forms contained a telephone number and current address for Chew.[1] On January 28, 1998, Superior notified Libert that it had received both his and Chew's correspondence, but was unable to qualify Chew for coverage. On January 29, 1998, Chew executed an "Appointment as Agent in Fact with Power of Attorney," (POA) which according to its language was not an assignment of coverage as contemplated by section 637.736, Florida Statutes (1998), but was for the purpose of collecting medical bills due from Superior. The POA also empowered Libert to sue and collect attorney's fees on Chew's behalf.
*363 On March 11, 1998, Superior informed Libert's attorney that it had not yet determined whether coverage was available and asked for Chew's address. Superior also advised Chew's attorney that Superior would cover Chew's loss if no other PIP source was available.
On July 9, 1998, and after additional correspondence with Superior, Chew's attorney mailed a Florida application for no-fault benefits and claims form to Superior. This application and claims form contained virtually the same information that Chew had included on her December 18, 1997 form. Finally, Superior determined that Chew qualified for coverage on July 13, 1998.
Libert filed suit against Superior for services rendered, interest, and attorney's fees on July 21, 1998 and attached a copy of the POA to his complaint. On July 28, 1998, Superior paid Libert's bills in full, but without interest.
Superior filed its answer and its affirmative defenses claiming that Chew failed to meet a condition precedent to coverage, that Libert was required to participate in arbitration[2] prior to filing suit, and that Libert's charges were not reasonable. Libert then filed a motion for summary judgment asking the court to enter a judgment against Superior for the outstanding interest. The court granted Libert's motion, awarded $13,500 in attorney's fees to him, and certified the question.
Prior to addressing the certified question, two issues must be addressed: 1) Was Superior's delay in paying Chew's medical bills to Libert excused by Chew's alleged non-compliance with Superior's requests for information; and 2) In what capacity did Libert bring suit.
Superior alleges that its delay in payment was excused by Chew's failure to comply with its requests for information. Section 627.736(4)(b), Florida Statutes (1998) states in relevant part:
Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same.... However, any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer....
The statute requires that the insurer must obtain, within thirty days, a medical report providing "reasonable proof" that it is not responsible for payment. See Fortune Ins. Co. v. Pacheco, 695 So.2d 394, 395 (Fla. 3d DCA 1997). If the insurer fails to obtain that report, it must promptly pay the claim plus any accrued interest. See id.; see also AIU Ins. Co. v. Daidone, 760 So.2d 1110, 1112-13 (Fla. 4th DCA 2000). Courts considering this issue have uniformly held that:
The statutory language is clear and unambiguous. The insurance company has thirty days in which to verify the claim after receipt of an application for benefits. There is no provision in the statute to toll this time limitation. The burden is clearly upon the insurer to authenticate the claim within the statutory time period. To rule otherwise would render the recently enacted "no fault" insurance statute a "no-pay" plana result we are sure was not intended by the legislature.
Id. (quoting Dunmore v. Interstate Fire Ins. Co., 301 So.2d 502, 502 (Fla. 1st DCA 1974) (emphasis in Pacheco)). The thirty day period applies to benefits which are reasonable and necessary as a result of the accident. See Daidone, 760 So.2d at 1112-13. *364 Cf. Perez v. State Farm Fire & Cas. Co., 746 So.2d 1123, 1125 (Fla. 3d DCA), reh'g denied, (Dec. 22, 1999), rev. granted, 767 So.2d 464 (Fla.2000). Furthermore, an insurer cannot extend the thirty day limitation by requiring claims to be submitted only on specified in-house claims forms. See id. (citing Crooks v. State Farm Mut. Auto. Ins. Co., 659 So.2d 1266 (Fla. 3d DCA 1995)).
Although not in the format preferred by Superior, Superior did receive the information it needed to process Chew's claim on December 18, 1997. Additionally, it was Superior's responsibility to contact Chew within the thirty day period to obtain any other information it needed. One letter sent to Chew in November was not sufficient, especially in light of the fact that Chew's telephone number and correct address were printed on Libert's medical claim forms and that Chew was residing at Ms. Horner's residence, the policyholder and owner of the vehicle. Superior's claims that it made valiant efforts to contact Chew are suspect considering Superior's one attempt at contact between November 1997 and February 1998. Finally, there is nothing in the record to suggest that Chew would not have qualified for PIP coverage, that Superior asked for a medical examination to determine whether Chew's injuries were from the accident, or that fraud was a factor. See generally Jones v. State Farm Mut. Auto. Ins. Co., 694 So.2d 165, 166 (Fla. 5th DCA 1997). The facts simply fail to support Superior's delay in paying for Chew's medical bills.
Finding that Superior's withholding of payment was inexcusable, we must now determine Libert's legal capacity at the time he filed suit. Section 627.428(1), Florida Statutes (1998) provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
Under section 627.428(1), attorney's fees are only available to the contracting insured, the insured's estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured. See Roberts v. Carter, 350 So.2d 78, 79 Fla. (1977) (emphasis added). However, attorney's fees are not allowable where the insurer does not deny liability and has been sued by a named beneficiary before it has had a reasonable opportunity to determine the validity of competing claims. See Manufacturers Life Ins. Co. v. Cave, 295 So.2d 103 (Fla.1974). Furthermore, a suit for interest due to an allegedly late payment of a claim is a "claims dispute involving medical benefits." Orion Ins. Co. v. Magnetic Imaging Sys. I, 696 So.2d 475, 476 (Fla. 3d DCA 1997); U.S. Sec. Ins. Co. v. Magnetic Imaging Sys. I, Ltd., 678 So.2d 872 (Fla. 3d DCA 1996).
Although the trial court was originally asked to declare that Libert was not an assignee of Chew's rights, the trial court's certified question appears to presume that Libert was an assignee of Chew's claim. Superior and Libert have conflicting views about Libert's relationship to Chew. Superior argues that Libert is an unnamed, unintended third-party beneficiary of the contract between Chew and Libert. Superior also asserts that Libert was merely an agent of Chew's as reflected by the granting of the power of attorney to Libert to act on Chew's behalf. Libert argues that he was Chew's agent and that he was suing on her behalf, but also contends that he was Chew's assignee.
The POA gives Libert the power to collect payment for medical services rendered by Libert and the right to sue Superior *365 on Chew's behalf for any unpaid medical bills. The document also confers upon Libert the "power to act as [Chew's] agent-in-fact with full power of attorney." The power conferred upon Libert included the right to collect all attorney's fees on Chew's behalf. Additionally, Libert, through counsel, filed suit on behalf of Chew as suggested by the style of the case both here and below.[3] Although Superior did not argue Libert's lack of standing in the trial court, it now argues that Libert lacked standing to bring suit because he was not an assignee, but was Chew's agent.[4] By making that argument, we conclude that Superior concedes that Libert was acting on Chew's behalf as her agent. Because section 627.428(1) allows attorney's fees for the insured, attorney's fees should also be recoverable by an agent acting in behalf of the insured.
Moreover, Superior's present and meritless argument that Libert lacks standing to sue was not preserved for appellate review. See Dober v. Worrell, 401 So.2d 1322, 1323 (Fla.1981). A person who is named an agent for the purpose of collecting money and who is authorized to commence legal action to collect has standing to appeal the matter. See 2 FLA.JUR. 2d § 63 Agency and Employment p. 640 (West 1999) (citing Rauch, Weaver, Millsaps, Bigelow & Co. v. Central Bank and Trust Co. of Miami, 453 So.2d 459, 460 (Fla. 4th DCA 1984)); see also Sivak v. Brady-Spencer Management Co., Inc., 590 So.2d 944, 945 (Fla. 5th DCA 1991).
Assuming arguendo that despite the language in the POA stating that it was not an assignment, the trial court properly found Libert to be Chew's assignee, we now turn to the task of determining whether Libert would be entitled to attorney's fees as an assignee. Under Roberts v. Carter and its progeny, third parties who claim policy coverage by assignment from the insured are entitled to recover fees. See generally Roberts v. Carter, 350 So.2d at 79. An assignee may enforce payment or performance of an obligation due under the contract. See State Farm Fire & Cas. Co. v. Ray, 556 So.2d 811, 813 (Fla. 5th DCA 1990). Once made, an assignment of the insured's interest in personal injury protection benefits to a medical services provider is irrevocable. See State Farm Mut. Auto. Ins. Co. v. Gonnella, 677 So.2d 1355, 1356-57 (Fla. 5th DCA 1996); Ray, 556 So.2d at 813. "Because an unqualified assignment transfers to the assignee all the interest of the assignor under the assigned contract, the assignor has no right to make any claim on the contract once the assignment is complete, unless authorized to do so by the assignee." Ray, 556 So.2d at 813 (citations omitted); see also Rittman v. Allstate Ins. Co., 727 So.2d 391, 395 (Fla. 1st DCA 1999) (Barfield, J. concurring) (pre-dating determination of the unconstitutionality of section 627.736(5) and discussing that assignors cannot bring suit on their own behalf). If a party assigns his rights, he has no standing to file suit. See Garcia, 766 So.2d at 431 (citing Ray, 556 So.2d at 813); see also Livingston v. State Farm Mut. Auto. Ins. Co., 774 So.2d 716, 717 (Fla. 2d DCA 2000). Therefore, assuming that the trial court correctly concluded that Libert was an assignee of Chew's rights under the policy with Superior, case law supports Libert's entitlement to attorney's fees under that alternate theory.
We find that the trial court was within its discretion and committed no error in *366 awarding attorney's fees to Libert. Although it appears that the trial court may have erred in determining that Libert was an assignee of the contract between Chew and Superior, we find the error harmless. We also answer the certified question in the affirmative.
AFFIRMED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] The address on both forms was the address of the vehicle's owner, Ms. Horner.
[2] At the time he filed the complaint, the parties did not have the benefit of this Court's opinion in Delta Casualty Co. v. Pinnacle Medical, Inc., 721 So.2d 321 (Fla. 5th DCA 1998), rev. granted, 732 So.2d 328 (Fla.1999), aff'd, Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc., 753 So.2d 55 (Fla.2000), which declared compulsory arbitration and the prevailing party standard for medical service providers unconstitutional.
[3] The action was titled and brought by "Libert... on behalf of Chew."
[4] Previously, insurance companies have sought to dismiss complaints by insureds and defended suits on the basis that the insured had assigned benefits. See generally Rittman v. Allstate, 727 So.2d 391, 395 (Fla. 1st DCA 1999). As the trial court properly noted during a hearing, insurers cannot have it both ways arguing lack of standing on the part of an insured when benefits have been assigned and arguing lack of standing on the part of the medical service provider when suits are brought to enforce the contract between the insured and the insurer.