855 So.2d 189 (2003)
HARTFORD INSURANCE COMPANY OF THE MIDWEST, Petitioner,
v.
Dorothy O'CONNOR, Respondent.
No. 5D03-657.
District Court of Appeal of Florida, Fifth District.
September 12, 2003.
*190 Richard A. Sherman, Sr., of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and James D. Fuller of Pine & Bergier, Maitland, for Petitioner.
Roy D. Wasson, Miami and David J. Gorewitz, Melbourne, for Respondent.
PALMER, J.
Hartford Insurance Company has filed a petition seeking certiorari review of an appellate decision issued by the Brevard County circuit court. The circuit court's decision reverses a final summary judgment which had been entered by the county court in Hartford's favor. Concluding that Hartford has failed to demonstrate that the circuit court departed from the essential requirements of law, we deny the petition.
Respondent Dorothy O'Connor was injured in an automobile accident. At the time of the accident, O'Connor owned an insurance policy issued by Hartford which provided her with Personal Injury Protection (PIP) coverage. As a part of her treatment for her injuries, O'Connor underwent an MRI test at the Neuro Imaging Institute. Neuro submitted a bill to Hartford for the MRI, but the request for payment was denied on the basis that the MRI was neither reasonable nor necessary.
O'Connor executed an assignment agreement with Neuro which authorized Hartford to remit payment directly to Neuro for sums owing for O'Connor's treatment. However, two months later O'Connor filed suit against Hartford in the county court seeking payment of Neuro's bill, as well as attorney's fees. Hartford quickly responded by paying Neuro for O'Connor's MRI, but Hartford did not pay any of O'Connor's attorney's fees. Hartford then moved to dismiss O'Connor's complaint on the basis that she lacked standing to bring the lawsuit because she had assigned her rights to receive payment from Hartford to Neuro. The county court granted the motion and dismissed O'Connor's complaint without prejudice.[1]
O'Connor filed an amended complaint against Hartford adding allegations that Neuro was a third-party beneficiary under her PIP policy and that Neuro had authorized her to file a lawsuit against Hartford regarding payment for the MRI services. The complaint further alleged, in the alternative, that the assignment agreement between O'Connor and Neuro had been revoked. Hartford responded by filing a motion for summary judgment, alleging that O'Connor lacked standing to file suit *191 against Hartford because O'Connor had assigned her rights to the cause of action to Neuro. The county court granted the motion and entered a summary judgment in favor of Hartford.
O'Connor appealed the summary judgment to the circuit court. The circuit court, sitting in its appellate capacity, reversed the summary judgment entered by the county court and granted O'Connor's motion for appellate attorney's fees. Hartford seeks certiorari review of the circuit court's order.
District court review of a decision issued by a circuit court, sitting in its appellate capacity, is limited to a determination of whether the circuit court afforded the parties procedural due process and whether the essential requirements of the law were observed. See Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000); State Dep't of Highway Safety & Motor Vehicles v. Whitley, 846 So.2d 1163 (Fla. 5th DCA 2003). While Hartford does not contend that it was denied procedural due process, Hartford does claim that the circuit court's order constitutes a departure from the essential requirements of the law. We disagree.
Although the undisputed facts show that O'Connor executed an assignment agreement with Neuro regarding her right to receive PIP payments from Hartford, a material issue of fact exists as to whether that agreement was subsequently rescinded by the mutual agreement of the parties.
An assignment is like any other contract which can be revoked by the mutual agreement of the parties thereto. Hartford argues that the parties' assignment was irrevocable, and cites to numerous cases in which the courts have held that an insured lacks standing to maintain a direct action against an insurer when the insured assigns his rights under the insured's contract to a medical provider. See Oglesby v. State Farm Mut. Auto. Ins. Co., 781 So.2d 469 (Fla. 5th DCA 2001). However, none of the cases cited by Hartford address the issue raised in this case relating to the effect of a claimed mutual revocation of an assignment agreement. Instead, the cases cited by Hartford deal with situations where one party to the contract attempts to unilaterally rescind the assignment. In Livingston v. State Farm Mut. Auto. Ins. Co., 774 So.2d 716 (Fla. 2d DCA 2000) the Second District noted:
The Fifth District has held that an unqualified assignment transfers to the assignee all the interest of the assignor under the assigned contract, and that the assignor has no right to make any claim on the contract once the assignment is complete, unless authorized to do so by the assignee.

774 So.2d at 718 (emphasis added).
Since the record reflects that a material issue of fact exists as to whether the parties mutually rescinded the assignment contract, the summary judgment was improperly granted by the county court. As such, the circuit court properly reversed said order.
PETITION DENIED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] We note in passing that this motion should not have been granted by the county court. In granting the motion to dismiss, Hartford relied upon the assignment, a document which was beyond the four corners of the complaint. The issue of standing and the effect of the assignment were matters to be raised by Hartford as affirmative defenses, not in a motion to dismiss the complaint.