On Motion for Clarification
SUAREZ, J.
On consideration of the motion for clarification filed by the Petitioner, United Automobile Insurance Company, the court withdraws its previous opinion filed May 12, 2010, and substitutes the following opinion.
United Automobile Insurance Company [“UA”] seeks a writ of certiorari to review a decision of the Miami-Dade Circuit Court, Eleventh Circuit, sitting in its appellate capacity, affirming final judgment in favor of the Respondent, Angel Otero. We grant the petition for writ of certiorari and quash the order below.
The insured, Angel Otero, was injured in a car accident in 2003. Otero filed for personal injury protection [“PIP”] benefits with his insurance company, UA. Otero sought medical treatment from Neurology Associates Group [“NAG”], and executed an “assignment of benefits” to NAG listing UA as the insurer. The assignment states in pertinent part as follows:
I hereby assign to Neurology Associates Group any and all rights and causes of action I may have under any insurance policy or collateral source agreement including but not limited to the above referenced collateral source provider.
[[Image here]]
I as patient have agreed to remain personally liable for the amounts billed by the healthcare provider regardless of the amount paid by the insurance company unless ordered otherwise by a court of law.
Otero filed suit against UA for nonpayment of all medical bills, claiming breach of contract and seeking declaratory judgment in the amount of $10,733. UA responded that the bills were not reasonable, related or necessary and alleged as an affirmative defense that Otero lacked standing to sue as he had assigned all of his rights to NAG and the assignment had never been revoked. Otero argued that the assignment was qualified, ambiguous and only partial as he agreed in the assignment to remain responsible for the medical bills and therefore he did have standing to sue. The only issue raised in the petition that we address is whether Otero had standing to bring this claim. Based on the record and case law interpreting the exact provisions of the assignment in question, *565 we find that Otero did not have standing to sue his insurer.
After almost five years of litigation, several hearings, and a bench trial, the issue of standing was brought before the trial court. The trial court entered judgment for Otero, determining that he had standing to sue and that he did not intend to assign all of his rights to NAG. The court concluded that the assignment was qualified as Otero, pursuant to the assignment, remained responsible for the medical bills and, therefore, retained the right to make a claim against UA for payment because NAG did not seek to timely enforce its rights under the assignment. The eleventh circuit appellate panel affirmed without opinion.
We find that the Circuit Court Appellate Division departed from the essential requirements of law by affirming final judgment in favor of the respondent, who did not have standing to sue UA. The record shows and there is case law interpreting the exact provisions in question holding that Otero made an unqualified assignment of his PIP insurance benefits to a medical provider, and never obtained a re-assignment of benefits or revocation of assignment from NAG. See Oglesby v. State Farm Mut. Ins. Co., 781 So.2d 469 (Fla. 5th DCA 2001) (holding that where an insured unqualifiedly assigns PIP benefits to the medical provider, the insured has no standing to bring a direct action against the insured, even though the assignment states that he remains liable for any medical bills not paid by the insurer); Livingston v. State Farm Mut. Ins. Co., 774 So.2d 716 (Fla. 2d DCA 2000) (holding that if an insured has assigned his right to receive PIP benefits to a health care provider, the insured has no standing to file a lawsuit to collect the assigned benefits). The fact that NAG failed to bring a claim for the bills does not serve as a revocation of the assignment. See Hartford Ins. Co. of Midwest v. O’Connor, 855 So.2d 189 (Fla. 5th DCA 2008) (holding that an assignment is like any other contract which can be revoked by the mutual agreement of the parties thereto); Livingston, 774 So.2d at 716 (holding that an unqualified assignment transfers to the assignee all the interest of the assignor under the assigned contract, and that the assignor has no right to make any claim on the contract once the assignment is complete, unless authorized to do so by the assignee).
We therefore grant the petition for cer-tiorari, quash the decision of the circuit court and remand for further proceedings.
Petition granted, decision quashed and remanded.