322 So.2d 633 (1975)
The ROBERTS CO., INC., Appellant,
v.
P.B.O. LTD., Appellee.
No. 75-335.
District Court of Appeal of Florida, Third District.
November 25, 1975.
Lionel Barnet, Miami Beach, for appellant.
Sam Daniels, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The Roberts Co. Inc., appeals an order granting defense motion to strike count II of its complaint for wrongful interference with a contractual relationship.
Plaintiff filed a three count complaint against P.B.O. Ltd. seeking compensatory and punitive damages based upon the breach of an alleged oral agreement by P B O to sell to the plaintiff the Playboy Plaza Hotel. P B O responded with a motion to strike all three counts, and the trial judge entered an order striking counts I and II.
Plaintiff argues that although the trial judge was correct in striking count I for breach of the alleged oral contract for sale of realty as same was barred by the Statute of Frauds, it was error to strike count II alleging tortious interference with a contractual relationship.
The contractual relationship with which defendant allegedly interfered consisted of the favorable arrangements plaintiff had made with Investors Diversified Services, a well established financier of real estate transactions, for financing the purchase of the hotel.
The tortious conduct alleged in count II is predicated upon defendant's breach of an oral promise to convey realty and the Statute of Frauds has been held to bar such tort actions and, in essence, these actions are an attempt to recover for breach *634 of an unenforceable contract. See Canell v. Arcola Housing Corp., Fla. 1953, 65 So.2d 849, 850; Neveils v. Thagard, Fla.App. 1962, 145 So.2d 495; Ashland Oil, Inc. v. Pickard, Fla.App. 1972, 269 So.2d 714, 721.
In addition, the existence of a cause of action for wrongful interference with contractual rights is recognized only when the interference is by a third person. See Days v. Florida East Coast Railway Company, Fla.App. 1964, 165 So.2d 434, 436. P B O allegedly having breached its contract with the plaintiff, this breach of contract may not be converted into a tort by allegation of wrongful interference with a favorable financial relationship.
Affirmed.