**Richard TUMULTY & Marlies Reusser, Plaintiffs,**

v.

**AETNA LIFE INSURANCE COMPANY, Defendant.**

**No. 86–2464–CIV–LCN.**

United States District Court,
S.D. Florida,
Miami Division.

March 3, 1987.

---

David Bianchi, of Stewart, Tilghman, Fox & Bianchi, Miami, Fla., for plaintiffs.

Brenton Ver Ploeg, of Shutts & Bowen, Miami, Fla., for defendant.

## MEMORANDUM ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NESBITT, District Judge.

This cause is before the Court upon the Motion to Dismiss filed by the Defendant AETNA LIFE INSURANCE COMPANY (AETNA) and the Response filed thereto by the Plaintiffs RICHARD TUMULTY and MARLIES REUSSER (hereinafter referred to collectively as the Plaintiffs), but is being treated as a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 12(b) as matters outside the pleadings have been presented to the Court.

The Plaintiffs commenced this action to recover expenditures made for medical care. Reusser is employed by the American Express Travel Related Services Company, Inc. (TRS). Reusser is enrolled in the American Express Medical/Dental Plan (the Plan) offered to employees of TRS. Reusser's husband, Tumulty, received cancer treatment but was denied benefits under the Plan. Plaintiffs then commenced this action for breach of duty to act in good faith, intentional infliction of emotional distress and declaratory relief.

TRS originally offered medical benefits to its employees by the purchase of a group insurance policy from Metropolitan Life Insurance Company. Affidavits submitted on behalf of AETNA establish that since January of 1986 TRS has provided medical benefits through the Plan which is entirely self-funded and self-insured by American Express Company, the parent corporation of TRS. The only role played by AETNA with respect to the Plan is that of claims administrator. Thus, AETNA only processes the claims, it does not provide insurance.

By letter dated September 30, 1986 AETNA informed Reusser that her claim for benefits was denied after re-evaluation but that she did have the right to appeal its decision to the Employee Benefits Administrator at TRS within 60 days. An affidavit

submitted on behalf of AETNA establishes that its decision was not appealed to TRS by the Plaintiffs.

AETNA moves for summary judgment on three grounds. First, AETNA asserts that the Plaintiffs' state claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Second, AETNA contends that this action has been prematurely filed because the Plaintiffs have not exhausted their administrative appeals. Third, AETNA asserts that the Plaintiffs' claims for extracontractual and punitive damages are barred by ERISA.

Plaintiffs counter that ERISA does not preempt state law in this case and therefore does not require exhaustion of administrative remedies or bar their claims for extracontractual and punitive damages.

The first issue is whether the various state contractual and extracontractual claims of the Plaintiffs are saved from preemption by 29 U.S.C. § 1144(b)(2)(A) or are preempted by the so-called "deemer" clause—29 U.S.C. § 1144(b)(2)(B).

§ 1144(a) of ERISA contains a broad preemption clause and provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." However, the effect of the preemption clause is severely limited by the "saving clause," § 1144(b)(2)(A), which provides that, with one exception, nothing in ERISA "shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." The one exception is the "deemer" clause, § 1144(b)(2)(B), which provides that "[n]either any employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer ... or to be engaged in the business of insurance ... for purposes of any law of any State purporting to regulate insurance companies [or] insurance contracts." In other words, an employee benefit plan is excepted from the "savings" clause and therefore, any laws which may be seen as regulating such a plan are preempted via the preemption clause.

The Court in *Eversole v. Metropolitan Life Insurance Company*, 500 F.Supp. 1162, 1170 (C.D.Cal.1980), succinctly summarized the effect of these three clauses: "The Rule that emerges ... is that any law directly regulating an employee benefit plan is preempted, but laws regulating an insurance company or policy purchased from an insurance company are saved from preemption."

Accordingly, whether the Plaintiffs' state claims are preempted in this case hinges on whether the Plan qualifies as an employee welfare benefit plan. An employee welfare benefit plan includes:

> any plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness....

29 U.S.C. § 1002(1). *See Howard v. Parisian, Inc.*, 807 F.2d 1560 No. 86–7401 (11th Cir.1987). It is also of relevant consideration whether the plan is self-funded and self-insured. *Metropolitan Life Insurance Company v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); *Howard, supra; Dedeaux v. Pilot Life Ins. Co.*, 770 F.2d 1311 (5th Cir.1985) *cert. granted* — U.S. ——, 106 S.Ct. 3293, 92 L.Ed.2d 708 (1986); *Cuttle v. Federal Employees Metal Trades Council*, 623 F.Supp. 1154 (D.Me.1985); *Hutchinson v. Benton Casing Service, Inc.*, 619 F.Supp. 831 (S.D.Miss.1985). Uncontradicted affidavits submitted by AETNA establish that the Plan involved herein is self-funded and self-insured plan established by the employer for the purpose of providing medical benefits. The fact that employees make contributions to the Plan does not destroy a plan's status as self-funded. A self-funded plan is one where the "benefits of the plan are paid directly from the monthly contributions collected from the covered mem-

bers of the plan." *Cuttle,* 623 F.Supp. at 1156.

Plaintiff asserts that AETNA has failed to satisfy their burden on a Motion for Summary Judgment because it has not established that there is no issue of material fact with respect to the elements of an employee benefit plan as described in *Bell v. Employee Security Benefit Association,* 437 F.Supp. 382 (D.Kan.1977). *Bell* involved an "employee benefit plan" which allowed as members employees which did not share a common employer. No such allegations are being made herein. Thus, *Bell* is inapposite to the present case.

 Consequently, there is no genuine issue of fact with respect to the Plan's status as an employee benefit plan within the meaning of the "deemer" clause. The Court therefore holds that the Plaintiffs' state law claims are preempted by ERISA and the Plaintiffs' only remedy is provided by ERISA. *Metropolitan Life v. Mass., supra; Howard, supra; Cuttle, supra; Hutchinson, supra.*

AETNA also contends that the Plaintiffs' ERISA claims are barred until they have exhausted all of their administrative remedies. Therefore, AETNA concludes, this action is barred because the Plaintiffs have not exhausted their administrative remedies.

■ The exhaustion doctrine is applicable to suits under ERISA. *Amato v. Bernard,* 618 F.2d 559 (9th Cir.1980); *Kross v. Western Elec. Co., Inc.,* 701 F.2d 1238 (7th Cir.1983); *Denton v. First Nat. Bank of Waco, Texas,* 765 F.2d 1295 (5th Cir.1985). The uncontradicted affidavit submitted on behalf of AETNA establishes that an administrative appeal from the decision of AETNA is provided by the Plan but that no such appeal has been taken by either of the Plaintiffs. Consequently, this suit has been prematurely filed and summary judgment may be granted in favor of AETNA on the ERISA claims also.

Accordingly, it is

ORDERED and ADJUDGED that the Motion to Dismiss filed by AETNA is treated as a Motion for Summary Judgment and be and the same is hereby GRANTED.