MIAMI CHILDREN'S HOSPITAL, INC., a Florida corporation, f/k/a Variety Children's Hospital, Plaintiff,

v.

Gary T. MALAKOFF, Maria Malakoff and Pan–American Insurance Company, Defendants.

No. 90–1108–CIV.

United States District Court, S.D. Florida.

May 3, 1991.

H. Lawrence Hardy, Fort Lauderdale, Fla., for plaintiff.

David J. White, Proenza White Huck & Roberts, Miami, Fla., for defendant Pan–American.

H. Virgin & Son, Herbert Virgin, Miami, Fla.

## MEMORANDUM AND ORDER

HOEVELER, District Judge.

THIS CAUSE comes before the Court on Defendant Pan–American Life Insurance Company's ("Pan–American's") Motion to Dismiss. Plaintiff has filed no response to the motion. Accordingly, for the reasons explained below, the Court grants the motion without reference to Plaintiff's position.

On three occasions in 1989, Sunshine Malakoff, the infant daughter of Defendants Gary T. Malakoff and Maria Malakoff, was admitted to Miami Children's Hospital, Inc. ("Miami Children's") for medical treatment and received approximately $34,722.09 in services. Mr. Malakoff is a participant in an employee benefit plan ("the Plan"), which provides insurance coverage for employees of Home Health Care Pharmacies, Inc. and their dependents. Subsequent to their daughter's receipt of services, both Mr. and Mrs. Malakoff assigned their insurance benefits under their policies to Plaintiff. Despite this assignment, however, Miami Children's has not yet received payment from Pan–American, the insurer of the Plan. Accordingly, Plaintiff commenced the current action against the Malakoffs and Pan–American, seeking to recover these payments.

Defendant Pan–American moves to dismiss the Amended Complaint on the grounds that (1) Plaintiff, as assignee, lacks standing to sue under Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., (2) Plaintiff has failed to exhaust its administrative remedies, and (3) Plaintiff's claims are preempted by ERISA.

## DISCUSSION

### I. STANDING

There is no question here that the Plan at issue is governed by ERISA as it is an employee welfare benefit plan established by an employer engaged in interstate commerce for the purpose of providing for its participants and their dependents medical and hospital benefits in the event of sickness, accident, disability or death. 29 U.S.C. §§ 1002(1) & (3), 1003(a)(1). Under § 502 of ERISA, 29 U.S.C. § 1132(a), only a plan "participant," "beneficiary," "fiduciary," or the Secretary of Labor may bring a civil action. As Defendant asserts that Miami Children's is none of these, but rather, a provider of medical services which has been assigned the Malakoffs' insurance benefits under their health care policies, it argues that Plaintiff has no standing to sue Pan–American for the $34,722.09 alleged

owed under the employee benefit plan. The Court cannot agree.

While noting that no court in the Eleventh Circuit has addressed the issue of whether a provider of medical services may sue an insurer derivatively as an assignee of a beneficiary, the Court finds valuable guidance in those courts of appeals decisions which have answered this question in the affirmative. As pointed out by the Ninth Circuit in *Misic v. Building Service Employees Health and Welfare Trust,* 789 F.2d 1374, 1378 (9th Cir.1986), courts have frequently found that a valid assignment confers standing to sue upon the assignee in the shoes of the assignor, even where the pertinent provision of a federal statute explicitly limits the parties who may sue. Unlike the complex statutory anti-assignment clause for ERISA pension benefits, there is no indication that Congress intended to proscribe or in any way limit the assignment of health care benefits of ERISA-governed medical plans. *Hermann Hosp. v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1289 (5th Cir.1988). Moreover, the purpose for the anti-assignment clause in the pension benefits context— "[t]o further insure that the employees' accrued benefits are actually available for retirement purposes"—does not exist in the health benefit situation. *Id.* (citing H.R. Rep. No. 807, 93rd Cong., 2d Sess. 68 (1974), *reprinted in* 1974 U.S. Code Cong. & Ad.News 4639, 4734). Indeed, allowing an assignment of benefits to a health care provider actually may further Congress' goal of enhancing employees' health and welfare benefit coverage. As the Fifth Circuit has explained:

> If [health care providers'] status as assignees does not entitle them to federal standing against the plan, providers would either have to rely on the beneficiary to maintain an ERISA suit, or they would have to sue the beneficiary. Either alternative, indirect and uncertain as they are, would discourage providers from becoming assignees and possibly

from helping beneficiaries who were unable to pay them "up-front."

*Id.* at 1289 n. 13. *See also Kennedy v. Connecticut General Life Ins. Co.,* 924 F.2d 698, 700–01 (7th Cir.1991) (concluding that a provider of medical services may sue as an assignee of a participant, as the provider may properly be classified as a "beneficiary" or a "participant" under 29 U.S.C. § 1132(a)(1)(B)). *But see Northeast Dept. ILGWU Health and Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund,* 764 F.2d 147, 154 n. 6 (3d Cir.1985) (expressing "serious doubts" whether an assignee "could assign along with her substantive rights her right to sue in federal court"). As Plaintiff alleges in its Amended Complaint that it is the assignee of the Malakoffs insurance benefits under the Plan,[1] the Court concludes that it has standing to sue under ERISA.

## II. ERISA PREEMPTION

Although having standing to bring a claim to recover benefits under § 502 of ERISA, the Amended Complaint does not raise the ERISA statute as a basis for relief. Rather, Plaintiff seeks to recover the payments for hospital services rendered under state common law theories. While not explicitly set forth, Plaintiff appears to seek recovery from the Malakoffs on the grounds of estoppel (Count I) as well as breach of contract (Count II). Similarly, Plaintiff sues Defendant Pan–American for breach of contract, alleging that the Malakoffs validly assigned their right to sue Pan–American for any health insurance benefits they may be entitled to under the Plan (Count III).

Where it applies, ERISA "supersedes any and all state laws insofar as they may now or hereafter relate to an employee benefit plan," 29 U.S.C. § 1144(a), except in certain circumstances not present here. The Supreme Court has liberally construed the "relate to" language of ERISA's preemption provision, finding that a state law "relates" to a benefit plan "if it has a connection with or reference to such a plan." *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct.

---

1. On a motion to dismiss, all material allegations of the complaint are taken as true and are liberally construed in favor of the plaintiff.

*See, e.g., St. Joseph's Hosp. v. Hospital Corp. of America,* 795 F.2d 948, 954 (11th Cir.1986).

2380, 2389, 85 L.Ed.2d 728 (1985). Under this broad interpretation, state law may be preempted even though it does not directly affect employee benefit plans, *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983), and regardless of whether it conflicts with any particular provision of ERISA. *Metropolitan Life, supra,* 471 U.S. at 739, 105 S.Ct. at 2388. Clearly, Plaintiff's claim for payment against Pan–American, which is based on Pan–American's contractual obligation to provide insurance coverage to the Malakoffs pursuant to their employee welfare benefit plan, "relates to" the plan. *See, e.g., Hoover v. Blue Cross and Blue Shield of Alabama,* 855 F.2d 1538 (11th Cir.1988) (state law breach of contract and breach of fiduciary duty claims preempted). Accordingly, Count III is preempted and must therefore be dismissed. Consequently, the Court need not consider Defendant's argument that Plaintiff, through the Malakoffs, has failed to exhaust its administrative remedies.[2]

As stated above, Counts I and II asserted against the Malakoffs are premised on state law causes of action. The Court may not exercise jurisdiction over these claims on grounds of diversity as both Miami Children's and the Malakoffs are residents of Florida. 28 U.S.C. § 1332. Moreover, although the Court retains jurisdiction over Pan–American's cross-claim brought against the Malakoffs seeking equitable relief of recission pursuant to § 502 of ERISA, 29 U.S.C. § 1132(a), this federal cause of action does not provide the Court with a sufficient basis for exercising pendent jurisdiction over Plaintiff's state law claims, as the requisite "common nucleus of operative fact" between the state and the federal claims does not exist. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Accordingly, Plaintiff has twenty (20) days from the date of this Order to amend its Complaint, stating a claim against Pan–American pursuant to

ERISA. Failure to do so will result in dismissal of Plaintiff's entire action without prejudice.

For the foregoing reasons, Defendant Pan–American's Motion to Dismiss Count III of the Amended Complaint is GRANTED.

DONE and ORDERED.

---

**2.** The general rule of law is that a plaintiff must exhaust all administrative procedures established under an employee benefit plan prior to bringing suit in federal court. *See, e.g., Denton v. First National Bank of Waco,* 765 F.2d 1295, 1303 (5th Cir.1985); *Amato v. Bernard,* 618 F.2d 559, 567 (9th Cir.1980); *Tumulty v. Aetna Life Ins. Co.,* 659 F.Supp. 70, 73 (S.D.Fla.1987).