718 So.2d 945 (1998)
John Butler BOOK, Appellant,
v.
CITY OF WINTER PARK, Appellee.
No. 97-2500.
District Court of Appeal of Florida, Fifth District.
October 16, 1998.
*946 Michael M. O'Brien, The O'Brien Law Firm, Orlando, for Appellant.
Jeffrey A. Rynor, of Mitrani, Rynor & Adamsky, P.A., Miami, for Appellee.
THOMPSON, Judge.
This case involves a civil lawsuit brought by Reverend John Butler Book against the City of Winter Park for false arrest. Book was arrested on 14 November 1991 by a Winter Park police officer, but was never prosecuted. The parties negotiated a settlement, and on 24 October 1994, Book's attorney, James S. O'Brien, wrote a letter accepting the City's offer of $1,500. On 26 October 1994, Kelly Webster, on behalf of the City's insurance carrier, sent Mr. O'Brien a draft for $1,500 and a release. Four months later, Mr. O'Brien wrote that his client had changed his mind and the draft was returned. Book filed his complaint on 29 June 1995. Discovery was completed and the matter was set for trial. The City moved for entry of dismissal and/or judgment on 18 June 1997. The case was submitted to the trial court on written briefs and filed exhibits. The City argued that the matter had been settled in October of 1994. The trial court agreed and enforced the settlement agreement by judgment/order dated 14 August 1997. It is from that final order that Book appeals.
Book argues that the City was required to raise existence of a settlement agreement as an affirmative defense in its answer. Because the City failed to do so, Book argues, the City waived the defense and improperly raised the issue in the motion to dismiss. The City claims it could not have asserted the affirmative defenses of release and/or accord and satisfaction because Book never executed a release. The City argues further that even if it was required to raise the settlement issue in its pleadings, Book impliedly consented to trying the issue by failing to object when the City submitted the relevant evidence and raised the issue in its trial brief.
With the exception of failure to state a cause of action, failure to join an indispensable party, and lack of subject matter jurisdiction, a party generally waives any defenses not raised in a responsive pleading or in a motion to dismiss. Fla. R. Civ. P. 1.140(h)(1), (h)(2). Rule 1.110(d) lists several affirmative defenses. Although the City claims it could not have pled release or accord and satisfaction, the rule refers to "any other matter constituting an avoidance or affirmative defense." Fla. R. Civ. P. 1.110(d). Arguably, a prior settlement agreement would constitute such "other matter."
An unpled defense is not waived, however, under the following circumstance:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues.
Fla. R. Civ. P. 1.190(b). This rule applies to affirmative defenses. Garrett v. Oak Hall Club, 118 So.2d 633 (Fla.1960); Bucheck *947 Const. Corp. v. W.E. Music, 420 So.2d 410 (Fla. 1st DCA 1982), rev. denied, 429 So.2d 6 (Fla.1983). An issue is tried by consent when there is no objection to the introduction of evidence on that issue, Department of Revenue v. Vanjaria Enterprises, Inc., 675 So.2d 252 (Fla. 5th DCA 1996), unless the evidence is relevant to other, properly pled issues, Raimi v. Furlong, 702 So.2d 1273 (Fla. 3d DCA 1997), rev. denied, 717 So.2d 531 (Fla., 1998) (Table).
In this case, the parties agreed to submit the case to the court on written briefs and exhibits. Among the City's exhibits was correspondence showing that Book agreed to a $1,500 settlement, then repudiated the agreement. The enforceability of the settlement agreement was raised as an issue for the court's consideration in the City's trial brief. The record does not reflect that Book objected to the evidence, which was irrelevant to the City's liability under section 768.28, Florida Statutes, the lawfulness of Book's arrest, or the nature and extent of Book's damages, see section 90.408, Florida Statutes (1997) (compromise and offers to compromise not admissible to prove liability or value of the claim). Although Book maintains that the City ambushed him with the settlement agreement, it appears Book had notice of the City's intent to raise the issue before moving to dismiss the action. As such, Book has not shown that the City's failure to raise the issue in its answer prejudiced him. See Fla. R. Civ. P. 1.190(b). The settlement agreement issue was tried by implied consent, and thus, the City did not waive the defense. Further, the City properly moved to dismiss Book's action based on the agreement. See Fla. R. Civ. P. 1.420(b).[1] For the reasons stated, we affirm the order.
AFFIRMED.
GRIFFIN, C.J., and HARRIS, J., concur.
NOTES
[1] Rule 1.420(b) states, in part:

After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted.