W. SHARP, Judge.
Nationwide Mutual Fire Insurance Company seeks certiorari review of the circuit court appellate panel’s decision below that arbitration of personal injury benefits between the provider, Neuro Diagnostic Center of Bre-vard, Inc. and Nationwide was not required because the insured, Nancie Simms, had not executed an “assignment of the benefits to the provider,” and thus the provider was not required to arbitrate the correctness of the bills from the provider joursuant to section 627.736(5), Florida Statutes. That statute requires binding arbitration for any claims dispute involving medical services or supplies, if the provider of PIP benefits has agreed to accept assignment of PIP benefits from the insured. It states:
Every insurer shall include a provision m its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits.
We do not reach the merits of this case because this court has concluded that section 627.736(5) is unconstitutional. Nationwide Mutual Fire Insurance Co. v. M & M Diagnostics, Inc., 23 Fla. L. Weekly D2233 (Fla. 5th DCA, Oct, 2, 1998). Accordingly, we deny Nationwide’s petition for certiorari.
Petition for Writ of Certiorari DENIED.
HARRIS and PETERSON, JJ., concur.