ON MOTION FOR CLARIFICATION

ANTOON, J.
We grant appellants’ motion for clarification, withdraw our previous opinion dated April 1, 1999, and issue this opinion in its stead.
Joseph Tuminello and Ronald Brody (appellees) sued Anglo American Auto Auction Management, Inc., and Dealers Auto Auction of Sanford, Inc. (appellants), alleging fraudulent misrepresentation. The matter went to trial and the jury returned a verdict in favor of appellees. The trial court entered final judgment in accordance with the jury’s verdict. This appeal timely followed. Appellants contend that they are entitled to receive a new trial because the trial court erred in striking their affirmative defense asserting the statute of frauds, and later denying their motion to amend their pleadings to conform with the evidence submitted at trial. Our review of the record reveals that the trial court should have granted the motion to amend and therefore we reverse the final judgment.
Appellees owned and operated Sanford Auto Auction, Inc. until June of 1990, when they sold the auction business to Tammy O’Donnell and Steven Levine. In consideration for the purchase O’Donnell and Levine executed, among other things, two promissory notes in favor of the appellees. Each note was for $1.4 million.
Soon after the sale of the auction closed, O’Donnell purchased Levine’s interest in the auction. She then turned the management of the auction over to her father, Tommy O’Donnell. Unfortunately, the auction began to struggle financially. In an effort to solve the auction’s financial difficulties, Tommy O’Donnell placed an advertisement in the Wall Street Journal seeking financing for the auction. Excel Holdings, Ltd., responded to the ad. Thereafter, Excel loaned money to the auction and sent its employee, Michael McClymont, to participate in the management of the auction in order to protect *1220 Excel’s financial interests. Excel and O’Donnell also agreed that Excel would market the auction for sale. In response to Excel’s marketing efforts, appellants agreed to purchase the auction. Relevant to this appeal, after the sale of the auction closed, appellees still had not received payment on the $2.8 million promissory notes which were executed in June 1990.
In an apparent effort to recover, among other things, the debt still outstanding on the promissory notes, appellees filed suit against appellants. The gravamen of the complaint was that Mr. McClymont, while acting as appellants’ agent, made assurances to appellees that the debt still outstanding on the promissory notes would be paid to appellees after the sale of the auction to appellants closed. The complaint averred that these assurances constituted fraudulent misrepresentations, and that based upon Mr. McClymont’s fraudulent misrepresentations appellees decided to forego their alleged right to institute legal action to enjoin the sale of the auction to appellants.
After the complaint and responsive pleadings had been filed, appellants filed a motion to amend their answer to add the affirmative defense that the action was barred by the statute of frauds. Appellants alleged that the statute of frauds provision set forth in section 725.01, Florida Statutes (1995), was an appropriate defense to appellees’ claim of fraudulent misrepresentation because Mr. McClymont’s assertion that appellees would be paid at closing amounted “to nothing more than an oral promise to pay the debt of another”. See § 725. 01, Fla. Stat. (1995)(providing that no action shall be brought whereby to charge the defendant upon any special promise to answer or pay for the debt of another unless the promise is in writing and signed by the party to be charged). The trial court granted the. motion to amend recognizing that it was irrelevant that the complaint alleged a claim of fraudulent misrepresentation and not breach of contract. See Canell v. Arcola Housing Corp., 65 So.2d 849 (Fla.1958); Roberts Co., Inc., v. P.B.O., Ltd., 322 So.2d 633 (Fla. 3d DCA 1975); see also Puff ‘N Stuff of Winter Park, Inc. v. Bell, 683 So.2d 1176 (Fla. 5th DCA 1996); Ostman v. Lawn, 305 So.2d 871 (Fla. 3d DCA 1974). Appellees thereafter moved to strike the amended pleading, arguing that they were not intending to assert the value of the promissory notes as a measure of damages: Based upon this representation, the motion to strike was granted.
Prior to trial, appellants filed a motion in limine seeking a ruling prohibiting ap-pellees from requesting the jury to award damages based upon the debt owed on the promissory notes. In arguing the motion, appellants relied on appellees’ earlier assertion that they were not seeking to recover the amount owed on the note, but instead, the lost value of the business. The trial court denied the motion. During trial, the promissory notes were admitted into evidence, and appellees presented evidence that the balance still owed to appel-lees on the promissory notes totaled $2.8 million.
At the close of all the evidence, appellants moved to amend their pleadings to conform to the evidence presented, again requesting permission to amend their answer to include the defense of statute of frauds. This motion was denied. During closing argument, appellees’ trial counsel concluded his remarks by urging the jury to award “two million, eight hundred thousand — a million four hundred thousand each.” After deliberating, the jury returned verdicts of $1.4 million in favor of each appellee.
Appellants contend that the trial court erred in denying their motion to amend the pleadings to conform to the trial evidence. They maintain that they should have been permitted to amend their answer to include an assertion of a statute of frauds defense because appellees’ claim for damages was based upon appellants’ breach of an oral promise to pay the debt of another; namely, McClymont’s promise *1221 to appellees that appellants would pay them the outstanding balances on the $2.8 million promissory notes once the sale of the auction closed.
Rule 1.190(b) of the Florida Rules of Civil Procedure provides:
RULE 1.190 Amended and Supplemental Pleadings
[[Image here]]
(b) Amendments to Conform with the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues.
“Under the rule, a test of prejudice is the primary consideration in determining whether a motion for leave to amend should be granted, and leave to amend should not be denied unless the privilege has been abused or the pleading is clearly not amendable.” Leavitt v. Garson, 528 So.2d 108, 110 (Fla. 4th DCA 1988). See also Book v. City of Winter Park, 718 So.2d 945 (Fla. 5th DCA 1998).
The evidence of damages submitted by appellees at trial included evidence pertaining to the face amount of the promissory notes. Those notes were certainly the “debts of another”. Importantly, appel-lees could not have been surprised or prejudiced by the appellants’ statute of frauds claim since the record demonstrates that appellants had raised the issue at least two times before trial began. See Blaschik v. Phillips, 573 So.2d 1080 (Fla. 4th DCA 1991); Azemco, Inc., v. Brown, 553 So.2d 1245 (Fla. 3d DCA 1989). Rather, prejudice may have been suffered by the appellants as a result of the trial court’s denial of their motion to amend since the effect of the trial court’s ruling was to allow appel-lees to assert a claim to recover damages resulting from a third parties’ breach of their promise to pay the promissory notes while avoiding the appellants’ relevant statute of frauds defense. Under these facts, it was an abuse of discretion to deny appellants the opportunity to amend their pleadings to assert the defense of statute of frauds. See Trans World Marine Corp. v. Threlkeld, 201 So.2d 614 (Fla. 3d DCA 1967), cert. denied, 210 So.2d 227 (Fla. 1968). Accordingly, a new trial on all issues must be granted.
Final Judgment REVERSED and cause REMANDED for new trial.
GRIFFIN, C.J., and THOMPSON, J., concur.