SAWAYA, J.
Lourdes Garcia appeals the order compelling arbitration of her personal injury protection claim against her insurer, State Farm Mutual Automobile Insurance Company (State Farm).[1] We reverse because the statute upon which the order was based has been held unconstitutional. We find that even if the statute were valid, reversal is warranted because it is inapplicable by its own terms.
Garcia was injured in a 1996 automobile accident. She filed suit in county court against State Farm after State Farm notified her that it was terminating chiropractic and medical payments coverage which it had provided pursuant to her automobile insurance policy. State Farm responded by filing a motion to dismiss/motion to compel arbitration pursuant to the terms of the parties’ insurance contract.[2] Following the hearing on State Farm’s motions, the circuit court rendered an order compelling the parties to arbitration “pursuant to the language of Defendant State Farm’s insurance policy ... which is mandated by Florida Statute § 627.736(5)-”
Section 627.736(5), Florida Statutes (1995) provides:
Every insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person had agreed to accept assignment of personal injury protection benefits. The provision shall specify that the provisions of chapter 682 relating to arbitration shall apply. The prevailing party shall be entitled to attorney’s fees and costs.
On February 3, 2000, the Florida Supreme Court declared unconstitutional the portions of section 627.736(5) which made arbitration mandatory and imposed a prevailing party standard with regard to attorneys’ fees. See Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc., 753 So.2d 55 (Fla.2000), affirming Delta Cas. Co. v. Pinnacle Med., Inc., 721 So.2d 321 (Fla. 5th DCA 1998). Accordingly, even assuming that the statute was applicable to claims by an insured against an insurer, reversal would be required. See Nationwide Mut. Fire Ins. Co. v. Simms, 724 So.2d 162 (Fla. 5th DCA 1998) (refusing to address the merits of the insurer’s claim that arbitration should have been ordered between an insured and the insurer pursu *432 ant to section 627.736(5) because of this court’s prior determination that the statute was unconstitutional).
Garcia also contends that even if the statute was not unconstitutional, it was inapplicable by its own terms. She is correct. The statute governs suits “between the insurer and any person providing medical services or supplies if that person had agreed to accept assignment of personal injury protection benefits.” § 627.736(5), Fla. Stat. (1995). Garcia is not a medical services provider and thus does not come within the statute’s terms. Although State Farm asserted at the hearing that Garcia had in fact executed an assignment of benefits, State Farm never entered any such assignment in the record. It did not answer the complaint, nor did it allege assignment of benefits as an affirmative defense. While Garcia herself attached several documents to her memorandum in opposition to State Farm’s motions which would appear to be assignments, Garcia attached those documents to argue, in anticipation of State Farm’s assertion of assignment, that she had not executed a true assignment but had retained her own cause of action.
A similar situation presented itself to the court in Rittman v. Allstate Insurance Co., 727 So.2d 391 (Fla. 1st DCA 1999) (pre-dating Pinnacle Medical, Inc.’s determination of the unconstitutionality of section 627.736(5)). There, Allstate moved to dismiss the complaint by its insured on the basis that the insured had assigned his PIP benefits to his medical care providers and thus had no standing to pursue the action. It also moved for arbitration under section 627.736(5). The trial court stayed the suit pending arbitration, and the insured appealed this order. The First District noted that the parties had not stipulated or agreed to the existence of an assignment of benefits, and thus the court was limited in its review of the order to looking solely to the complaint, which made no mention of any assignment. Id. at 393. In his concurrence, then Chief Judge Barfield wrote that if there was in fact an assignment of PIP benefits, then the trial court should have dismissed the complaint, but “[i]f no evidence was adduced at the hearing on the question of assignment of benefits, the trial court should not have dismissed the complaint. Failure to do either leaves this cause of action in limbo without a proper ruling on the motion to dismiss.” Id. at 395.
Likewise, in the instant case, there is a fact question as to whether there was a true assignment of benefits. If she has not assigned her benefits, Garcia should be allowed to proceed against State Farm in county court.[3] On the other hand, if an unqualified assignment occurred, Garcia would have no standing to proceed with her complaint.[4] See State Farm Fire & Cas. Co. v. Ray, 556 So.2d 811, 813 (Fla. 5th DCA 1990) (“Because an unqualified assignment transfers to the as-signee all the interest of the assignor under the assigned contract, the assignor has no right to make any claim on the contract once the assignment is complete, unless authorized to do so by the assignee.”) (citations omitted). Even if Garcia made a *433 qualified assignment, thereby retaining some financial exposure for her medical bills, Garcia’s suit would be premature at this point and should be dismissed. See Livingston v. State Farm Mut. Auto. Ins. Co., 25 Fla. L. Weekly D533, — So.2d -, 2000 WL 234691 (Fla. 2d DCA Mar.3, 2000). Accordingly, the continued viability of Garcia’s case turns on whether Garcia entered into an assignment of her benefits. On remand, the county court must determine the existence, vel non, of any assignment.
REVERSED and REMANDED for further proceedings.
DAUKSCH and PLEUS, JJ., concur.

. She also appeals the order denying her motion to vacate the order compelling her to arbitration.

. State Farm was also successful in having the case transferred to the circuit court.

. After orally ruling on State Farm’s arbitration motion but before rendering, the order thereon, the circuit court rendered an order transferring the case back to county court upon Garcia’s motion. The act of reducing the oral ruling on the arbitration question to writing was a "ministerial act” which the circuit court could properly perform even after having ordered the case transferred. See Curran v. Curran, 760 So.2d 1136 (Fla. 5th DCA 2000) (holding that the trial court which had recused itself could properly enter a written order reflecting its earlier oral pronouncements; its act of reducing the oral decision to writing was a "ministerial” act); see also Fischer v. Knuck, 497 So.2d 240, 243 (Fla. 1986).

. At least to the extent that Garcia is challenging State Farm’s refusal to pay medical bills already incurred. Garcia’s complaint also alleges a breach of contract for State Farm’s discontinuation of PIP benefits. This claim is clearly not susceptible to arbitration and should proceed in court.