781 So.2d 469 (2001)
Rosondala OGLESBY, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 5D00-482.
District Court of Appeal of Florida, Fifth District.
March 9, 2001.
Steven M. Johnson and Marc R. Williams of Johnson & Williams, P.A., Orlando, for Appellant.
Karen A. Barnett of Barnett & Associates, P.A., Tampa, for Appellee.
*470 HARRIS, J.
The county court granted summary judgment in favor of the insurer on a claim for medical benefits under a PIP policy, finding that the benefits under the policy had been assigned to the medical provider. The court certified and we accepted the following restated question:
WHETHER AN ASSIGNMENT OF BENEFITS BY AN INSURED TO A PROVIDER OF MEDICAL SERVICES UNDER A PERSONAL INJURY PROTECTION INSURANCE POLICY IN WHICH THE INSURED REMAINS LIABLE FOR ANY MEDICAL BILLS NOT PAID BY THE INSURER, CAUSES THE INSURED TO LOSE STANDING TO MAINTAIN A DIRECT ACTION AGAINST THE INSURER.
We answer the question in the affirmative. We do not find this to be a conditional or qualified assignment. It is an unqualified assignment of medical benefits accepted on condition. This is a case, as is most often the case, in which the medical provider agrees to perform services based only on an unqualified assignment of medical benefits on the condition that the patient will be ultimately responsible for any medical bills either not covered by the policy or simply not paid by the insurer. If at some point the medical provider decides to forego a claim against the insurer and instead look to the insured, a condition precedent to such action should be the reassignment of the medical benefits under the insurance policy to the insured. Here, after almost four years, the medical provider has shown no interest in pursuing the insured or the insurer for anything. In any event, only the insured or the medical provider "owns" the cause of action against the insurer at any one time. And the one that owns the claim must bring the action if an action is to be brought. See Garcia v. State Farm Mut. Auto. Ins. Co., 766 So.2d 430 (Fla. 5th DCA 2000); Livingston v. State Farm Mut. Auto. Ins. Co., 774 So.2d 716 (Fla. 2d DCA 2000).
AFFIRMED.
SHARP, W., and PETERSON, JJ., concur.