843 So.2d 909 (2003)
Ned SCHUSTER and Suzanne Schuster, Appellants,
v.
BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., a corporation, Appellee.
No. 4D01-4523.
District Court of Appeal of Florida, Fourth District.
February 19, 2003.
Rehearing Denied May 16, 2003.
Jeffrey M. Liggio and Jene P. Williams of Liggio, Benrubi & Williams, P.A., West Palm Beach, and Richard A. Barnett of *910 Richard A. Barnett, P.A., Hollywood, for appellants.
Nancy W. Gregoire and W. Edward McIntyre of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, for appellee.
STEVENSON, J.
The instant appeal arises from a dispute between the Schusters and Blue Cross and Blue Shield of Florida, Inc. (BCBSF) under a health insurance policy. Following a bench trial, the trial court entered final judgment in favor of the insurer, finding that the insureds simply could not prevail as they had assigned their right to benefits to the health care providers and, consequently, had sustained no damages. We affirm.
In 1997, Suzanne Schuster was diagnosed with a "stomach paralysis condition." Following her diagnosis, Suzanne underwent numerous surgical procedures and, ultimately, her stomach was removed and she received a multi-visceral transplant of the stomach, small bowel, and pancreas. Suzanne and her husband, Ned, are insured under a health insurance policy issued by BCBSF. In June of 2000, the Schusters sued BCBSF, alleging that it had breached the insurance contract by delaying and denying payment of Suzanne's medical bills. The Schusters alleged as damages unpaid medical expenses, impairment of their credit, mental distress, and out-of-pocket expenses. At the time the litigation was commenced, the disputed claims numbered in the hundreds. Thereafter, the Schusters narrowed their claims and alleged that twenty-seven claims had not been timely processed and paid by BCBSF. The twenty-seven claims totaled approximately $51,000 and involved seven health care providers, the St. Lucie Fire District, Gastroenterology Consultants (Drs. Baskin and Kumar), Shands Hospital, Housecall Home Health, Housecall Infusion Services, Martin Memorial Hospital, and Lab Corp.
Before the trial could get underway, but after the Schusters filed suit, BCBSF paid all of the disputed, outstanding claims. The Schusters then filed a motion seeking the entry of judgment in their favor on the issue of BCBSF's liability, arguing that the payment of the disputed claims was the "functional equivalent" of a confession of judgment. The Schusters deferred seeking a ruling on their motion, however, and the case proceeded to trial.
At the very outset of the bench trial, counsel for the Schusters acknowledged that all of the outstanding claims had been paid, but asserted that BCBSF had nonetheless breached the insurance contract because it failed to pay the claims within the time limits prescribed by the insurance contract and Florida statute. It was the Schusters' position that while BCBSF pointed to inaccurate provider numbers and missing authorization codes to support the delay in payment, these were simply not matters that excused BCBSF's obligation to meet the time frames set forth by contract and statute. For its part, from opening statements, BCBSF took the position that it had not breached the contract by failure to make timely payment and, even if it had, the Schusters still could not prevail in their suit because they had sustained no damages. In his opening statement, counsel for BCBSF pointed out that the Schusters had assigned their right to benefits to the health care providers for each of the disputed claims; that, as consequence of such assignment, the claims were submitted by the providers to BCBSF; that payment went directly from BCBSF to the providers; and that there would be no evidence that the Schusters had been required to pay any out-of-pocket expenses.
*911 Between opening statements and closing arguments, some eight witnesses testified. Seven of those witnesses were either BCBSF employees or representatives of one of the seven health care providers involved in the disputed claims. The testimony of these witnesses centered around how claims are processed by BCBSF, what kind of information a health care provider is required to submit, and the submission of the various claims by the providers. The eighth witness was Ned Schuster. Schuster confirmed that he and his wife had assigned their right to benefits to the providers for each of the twenty-seven claims at issue.
By the time of closing arguments, counsel for the Schusters conceded that the Schusters' damages "for the purposes of this case are going to be the statutory interest or the contractual interest on the 627.613." BCBSF continued to insist that the Schusters could not prevail because damages was an element of a cause of action for breach of contract and the Schusters had not sustained any damages. As for any interest that was owed as the result of untimely payment, BCBSF's counsel argued that such interest would be owed to the providernot the Schusters.
In his final judgment, the judge expressed doubt over whether BCBSF's billing procedures complied with the provisions set forth in the insurance contract and Florida statute. Despite these concerns, the judge agreed that in light of the assignment of the claims to the providers, the Schusters could not prevail. Specifically, the judge found that:
It appears to this Court that the Schusters voluntarily took it upon themselves to pursue the payments owed by Blue Cross to the health care providers pursuant to the various provider agreements in this case.... The various health care providers, whose claims are at issue in this case, may have had valid causes of action against Blue Cross for failure to pay legitimate bills incurred by their insured in a reasonable and timely manner. However, none of the health care providers brought suit against Blue Cross and that is not the issue before the Court. Any interest on damages owed in this case would be owed to the health care providers and not the Schusters. Where the Schusters assigned their contract rights to the health care providers at issue in this case, they assigned away their right to bring this cause of action for breach of contract against Blue Cross and for any resulting damages. The Schusters were not the real parties in interest in this case.
The Schusters have appealed the trial court's decision, raising a number of issues. We find that none of the arguments advanced requires reversal of the judgment and write to specifically address three issues raised by the Schusters: (1) the assignment of benefits to the health care providers and the impact of such assignment on their ability to prevail in this suit, (2) the interest owed for any untimely payment as an element of damages owed to the Schusters, and (3) the claim that BCBSF's payment of the disputed, outstanding claims following the filing of suit was tantamount to a confession of judgment, requiring reversal of the judgment in favor of the insurer.

The Assignments
Under Florida law, an insured may assign his right to benefits under a contract of insurance. See, e.g., Miami Children's Hosp., Inc. v. Malakoff, 765 F.Supp. 718 (S.D.Fla.1991)(holding that, under ERISA, an insured may assign his rights to benefits to the medical provider); Hartford Ins. Co. of Southeast v. St. Mary's Hosp., Inc., 771 So.2d 1210, 1212 *912 (Fla. 4th DCA 2000)("Courts have recognized that medical service providers can assert claims for PIP benefits against insurers when an insured has assigned them the right to the benefits."). The effect of such an assignment is to place the insured's cause of action for such benefits in the provider. See Oglesby v. State Farm Mut. Auto. Ins. Co., 781 So.2d 469 (Fla. 5th DCA 2001). "[O]nly the insured or the medical provider `owns' the cause of action against the insurer at any one time." Id. at 470.
The Schusters do not take issue with any of the above-stated legal principles. Rather, they assert that any argument that they lacked standing to bring the claims against BCBSF as a consequence of the assignments was waived when BCBSF failed to raise lack of standing as an affirmative defense in its answer to the complaint. There is no question that lack of standing is an affirmative defense that must be raised by the defendant and that the failure to raise it generally results in waiver. See Krivanek v. Take Back Tampa Political Comm., 625 So.2d 840, 842 (Fla.1993). Based upon our review of the record, however, we find that, in this case, the issue was tried by consent. See Fla. R. Civ. P. 1.190(b); Book v. City of Winter Park, 718 So.2d 945, 946-47 (Fla. 5th DCA 1998)(applying the concept of trial by consent to affirmative defenses).
From the very outset of these proceedings, BCBSF took the position that the Schusters did not have a stake in these claims. The transcript reveals that there was no dispute that the Schusters had assigned their right to benefits and, as a consequence, it was the providers who filed the claims and to whom payment by BCBSF was made. Ned Schuster himself confirmed that each of the twenty-seven claims at issue had been assigned to the relevant provider. Moreover, documentation regarding the Schusters' assignment of benefits to Martin Memorial Hospital and to Housecall was actually introduced into evidence. The language of the Martin Memorial and Housecall assignments authorized BCBSF to make payment directly to the providers, but stated that the insured would remain financially responsible for any amounts not paid. According to Schuster, each of the assignments in the twenty-seven claims at issue worked in this way. In Oglesby v. State Farm Mutual Automobile Insurance Co., 781 So.2d 469 (Fla. 5th DCA 2001), the Fifth District held that language similar to that included in the Martin Memorial and Housecall assignments, and that described by Mr. Schuster, was an unqualified assignment and served to eliminate the insured's standing to bring a claim against the insurer. While Oglesby admittedly involved the assignment of PIP benefits to a medical provider, we see no reason to reach a different conclusion where the benefits arise under a health insurance policy.

Damages
Next, the Schusters maintain that even when the assignments of benefits to the providers are taken into account, the judge was incorrect in finding that they did not sustain any damage as the result of untimely payment by BCBSF. Clearly, both the insurance contract and section 627.613, Florida Statutes, require the insurer to pay interest on overdue payments. According to the Schusters, irrespective of the assignment, the interest is owed to themnot the providers. The Schusters argue that since neither the contract nor the statute states to whom the interest is to be paid and since the bills were not paid until they took action, "[i]t stands to reason that the Schusters are at least as entitled to the interest on the unpaid bills as the providers would be since the providers would not have received the unpaid *913 bills at all if not for the lawsuit ... brought by the Schusters." We simply cannot agree. Interest, by definition, is "[t]he compensation fixed by agreement or allowed by law for the use or detention of money, or for the loss of money by one who is entitled to its use ...." BLACK'S LAW DICTIONARY 816 (7th ed.1999). Here, it was the providersnot the Schusters who lost the use of their money for a time. Cf. Riera v. Finlay Med. Ctrs. HMO Corp., 543 So.2d 372, 373 (Fla. 3d DCA 1989).

Confession of Judgment
Finally, the Schusters assert that they were entitled to judgment in their favor because BCBSF's payment of the outstanding claims after the commencement of litigation was tantamount to a confession of judgment. First of all, the trial judge never made a determination that payment was not timely made, and the timeliness of payment was the main issue at trial. Further, in view of the assignments, at best, the Schusters succeeded only in forcing BCBSF to fulfill obligations in which the Schusters no longer had an interest. Accordingly, we find that BCBSF's payment of the claims in this case did not amount to a confession of judgment to the Schusters' lawsuit.
AFFIRMED.
SHAHOOD and HAZOURI, JJ., concur.